It was objected that, as the sheriff was authorized to seize the whole on the execution, he could not be a trespasser; and that the plaintiff ought to have brought trover, or assumpsit, for the proceeds of the sale of his share. But it was answered, and resolved by the whole Court, that, although the sheriff might seize the whole, yet that he ought to have sold but the share of the judgment debtor ; the subsequent abuse of his authority made him a trespasser ab initia; and the other part-owner, in such a case, might maintain either trover or trespass, at his election, (a) Collyer on Part. 473. — Gow. Part. 205, 3d ed. The creditor of any one partner may take in execution that partner’s interest in all the tangible property of the partnership, but. the levy under the execution transfers no part of the joint property; it merely gives a -ight to an account, each partner having an interest, not in the whole, but in the surplus merely. And after the accounts have been taken, the apparent interest may, in reality, dwindle-to nothing. Lord Eldon expressed his opinion to be, that, where the interer*- of a dormant partner is confined to the profits, but does not extend to the capital, his separate creditor cannot issue execution against the effects of the partnership even subject to an account. — Ex Parte Harper, 17 Ves. 404; and see Lord vs. Baldwin, 6 Pick. 348. — Ex Parte Enderby, 2 B. & Cr. 389. — French vs. Chase, 6 Greenl. 166.